UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GERALD JOHNSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01103-TWP-DML |
| ) | |
| TROY DOLLERIS, et al. ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING AMENDED COMPLAINT, DISMISSING INSUFFICIENT CLAIM, AND DIRECTING SERVICE OF PROCESS**

**I. Screening of Amended Complaint**

**A.**   *Legal Standards*

Plaintiff Gerald Johnston's deadline to file an amended complaint was September 18, 2020. Dkt. 15. His amended complaint was not filed until September 28, 2020, but he has explained that for an unknown reason when he first mailed the amended complaint, it returned to him undeliverable. Dkt. 21-1. The Court deems the amended complaint timely filed.

Mr. Johnston is a prisoner currently confined at the Plainfield Correctional Facility. The incidents alleged in the complaint occurred at the Washington County Detention Center (the Jail).

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his amended complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

**B.**     *Allegations*

The amended complaint filed on September 28, 2020, names seven defendants, which is one more than those named in the original complaint: 1) Jail Commander Troy Dolleris; 2) Sheriff Roger Newlon; 3) Sheriff Brent Miller; 4) Captain Joseph Richardson; 5) Officer John K. Phillips; 6) Officer Austin Langford; and 7) Nurse Mike Bowles. For relief, he seeks compensatory damages. The claims are essentially the same as alleged in the original complaint.

Upon Mr. Johnston's arrival at the Jail on or about May 9, 2018, he informed custody staff and Nurse Bowles that he had chronic health conditions for which he required a daily medication Lisinpril and he also had an infection in his left foot. He was placed in an extremely unsanitary holding cell. He asked staff for treatment and medications every day but was told to fill out a healthcare slip. He had no forms and no writing utensils so he could not fill out any forms.

Seven days later, after he complained of dizziness and shortness of breath and was visibly distraught, Captain Richardson ordered him to be stripped naked and placed in a solitary padded isolation cell where he stayed for approximately 15 days. Seven days into the confinement in the isolation cell, Nurse Bowles came in to see him. Nurse Bowles had previously refused to provide Mr. Johnston treatment. Nurse Bowles told Officer Langford to dress Mr. Johnston and return him to a population setting after seeing that he received his blood pressure medications.

Officer Langford gave Mr. Johnston his clothes but put him back into the padded cell in isolation. Mr. Johnston became very distraught and after 20 minutes Officer Langford returned with Officer Phillips. They opened the cell and took Mr. Johnston by both arms using excessive force that caused extreme pain. When he began to scream in pain, they threw him down and slammed the door. Mr. Johnston suffered a bruised and swollen left arm. He still has limited

mobility and pain in his left arm and shoulder. He alleges that Commander Dolleris and Sheriffs Newlon and Miller learned about the incident but provided no medical attention.

### C.   *Discussion*

Mr. Johnston does not allege whether he was a pretrial detainee at the time of his Jail incarceration or whether he was a convicted offender. For now, the Court presumes that he was a pretrial detainee, and therefore, his claims are understood to be brought under the Fourteenth Amendment rather than the Eighth Amendment. *McCann v. Ogle City, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018).

The allegation that the cell Mr. Johnston was placed in was "unsanitary" is too vague to state a claim. Therefore, to the extent he seeks to bring a conditions-of-confinement claim against the Sheriffs, it is dismissed for **failure to state a claim upon which relief can be granted.**

*Fourteenth Amendment Claims That Shall Proceed*

The claim that after Mr. Johnston complained of feeling dizzy and short of breath, Captain Richardson ordered that Mr. Johnston be stripped naked and placed in a solitary padded cell for days **shall proceed.**

The claims of excessive force brought against defendant Officers Langford and Phillips **shall proceed.**

The claims that Commander Dolleris and Sheriffs Newlon and Miller were aware of Mr. Johnston's injuries after the use of force but failed to provide him medical attention **shall proceed.**

The claim that Nurse Bowles refused to provide him medical treatment **shall proceed.**

## II. Service of Process

All defendants except the newly added Nurse Mike Bowles have appeared in the action. The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Mike Bowles in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on September 28, 2020, (docket 21), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The defendants who have appeared in the action shall have **through October 19, 2020,** in which to respond to the amended complaint, even though the Court acknowledges that the claims are the same as those presented in the original complaint.

For now, the briefing schedule on the issue of exhaustion shall remain in place. Dkt. 19.

IT IS SO ORDERED.

Date:   10/2/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GERALD JOHNSTON
271526
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Stephen C. Keller
SCHILLER BARNES & MALONEY, PLLC
skeller@sbmkylaw.com

Nurse Mike Bowles
Washington County Detention Center
801 Jackson Street
Salem, IN 47167